**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEAN A. MARKLEY and MICHAEL RESETAR individually and on  behalf of all others similarly situated, | ) ) ) | **CIVIL ACTION NO. 01-4413** |
| Plaintiffs, | ) | Class Action |
| vs. | ) ) | Judge Anita B. Brody |
| RETIREMENT COMMITTEE OF ARMSTRONG WORLD INDUSTRIES, INC., et al. | ) ) ) | |
| Defendants. | ) ) | |
| LORI SHEARER, individually and on behalf of all others similarly situated | ) ) | **CIVIL ACTION NO. 02-6029** |
| Plaintiffs, | ) | Class Action |
| vs. | ) ) | |
| RETIREMENT COMMITTEE OF ARMSTRONG WORLD INDUSTRIES, INC., et al. | ) ) ) | Judge Anita B. Brody |
| Defendants. | ) | |

**VERIFIED STATEMENT OF RICHARD A. FINBERG
RE MAILING OF CLASS NOTICE**

I, Richard A. Finberg, make this verified statement, under penalty of perjury, as follows:

1.     I am lead Class Counsel in this case, and in that capacity, I supervised the giving of Notice to the Class Members in these actions.

2.     On April 29, 2003, I caused the Notice Of Proposed Class Action Settlement ("Notice," attached as Exhibit A) to be sent by first class mail to the 380 Class Members in these cases, as listed on Exhibit 1 to Exhibit A.

3.     Mailing addresses for Class Members were obtained from Defendant Retirement

Committee of Armstrong World Industries, Inc.  Where applicable, updated addresses were also obtained from Ardex, Inc. and Armacell, LLC, where many of the Class Members have been employed following the divestitures of their divisions from Armstrong.

4.       By use of these procedures, only 30 Notices had been returned as undeliverable as of May 22, 2003.  Updated address searches were made for these 30 persons utilizing social security numbers and a national data base available through LEXIS, and more recent addresses were found for 24 of these Class Members.  On May 22, 2003, the Notice package was re-mailed to such persons at their new address.

5.       The Notice was substantially in the form approved by the Court, as completed to reflect the date and time of the Fairness Hearing and date for filing objections, and also, to update the Notice to accurately reflect that the approval of the Delaware Bankruptcy Court had occurred on March 31, 2003 (see, Notice p. 7).

6.       In addition to the Notice, each Class Member was also sent an individualized Supplemental Notice Of Dismissal Of Bankruptcy Individual Proofs Of Claim Relating To RSSOP. This Supplemental Notice specifically identified any Individual Proof of Claim such Class Member had filed in Armstrong's bankruptcy proceedings.  The Supplemental Notice instructed Class Members who had not filed a relevant bankruptcy claim that  "**No action by you is necessary**" (See Exhibit B).  Class Members who had filed a bankruptcy claim relating to the Retirement Savings and Stock Ownership Plan ("RSSOP") were told "This Proof of Claim relates to the RSSOP -- this claim will be disallowed and extinguished by the Settlement Agreement.  **<u>Please sign and return the enclosed 'Consent To Dismissal of Proof of Claim' form.</u>**"  (See Exhibit C).  Class Members who had also filed "Special Incentive Bonus Claims," which are not affected by the Settlement, were told,

in addition, that "You have also filed a claim for Special Incentive Bonus (Claim No. ____). This Proof of Claim is <u>not</u> related to the RSSOP, and will be separately processed." (See Exhibits D and E). A Consent Form (Exhibit F) and self-addressed pre-paid return envelope was also enclosed for persons who received the Consent Forms.

       7.     A total of 74 Class Members had filed individual proofs of claim in the bankruptcy case and were sent consent forms.  One of these person's Notice package was returned as undeliverable, and has been re-sent to an updated address.  As of May 22, 2003, 42 of the Consent Forms have been signed by the Class Members and have been returned.  Class Counsel will make a follow-up request to Class Members to obtain unreturned Consent Forms after June 6, 2003 (the date by which Class Members were asked to return forms).

       8.     By the Consent Forms, Class Members formally agree to the dismissal of their individual bankruptcy proofs of claim.  However, the Settlement Agreement is structured so that all Class Members automatically receive their Settlement benefits, and there is <u>no</u> penalty if the Class Members fails to return the Consent Form.

       9.     To the best of my knowledge, information and belief, the above statements are true and correct.

Dated:  May 23, 2003

                                    *Richard A. Finberg*

                                      Richard A. Finberg
                                      Pa. Id. No. 23097
                                      MALAKOFF DOYLE & FINBERG, P.C.
                                      Suite 200, The Frick Building
                                      Pittsburgh, PA   15235
                                      412.281.8400

                                      Attorneys for Representative and Class
                                      Plaintiffs

## CERTIFICATE OF SERVICE

_____I hereby certify that on the 23rd day of May 2003 true and exact copies of the

foregoing Verified Statement Of Richard A. Finberg Re Mailing Of Notice Of Proposed Class

Action Settlement were served via Federal Express, Postage Prepaid, addressed to:

        Kay Kyungsun Yu, Esquire
        Michael L. Banks, Esquire
        ***Morgan Lewis Bockius, LLP***
        1701 Market Street
        Philadelphia, PA 19103-2921

           And

        Barry R. Elson, Esquire
        Patrick W. Kittredge, Esquire
        Christopher Brubaker, Esquire
        ***Kittredge, Donley, Elson Fullem & Embick, LLP***
        421 Chestnut Street, Fifth Floor
        Philadelphia, PA   19106

                           *Richard A. Finberg*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEAN A. MARKLEY and MICHAEL RESETAR | ) | |
| individually and on  behalf of all others similarly | ) | **CIVIL ACTION NO. 01-4413** |
| situated, | ) | |
| Plaintiffs, | ) | Class Action |
| vs. | ) | Judge Anita B. Brody |
| | ) | |
| RETIREMENT COMMITTEE OF ARMSTRONG | ) | |
| WORLD INDUSTRIES, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| LORI SHEARER, individually and on | ) | |
| behalf of all others similarly situated | ) | **CIVIL ACTION NO. 02-6029** |
| Plaintiffs, | ) | Class Action |
| vs. | ) | |
| | ) | Judge Anita B. Brody |
| RETIREMENT COMMITTEE OF ARMSTRONG | ) | |
| WORLD INDUSTRIES, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

<u>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**</u>

**To:     All former participants in the Retirement Savings and Stock Ownership Plan
("RSSOP") of Armstrong World Industries, Inc. ("AWI") who were separated from
AWI's employment as a result of AWI's sale or divestiture of (1) Armstrong Insulation
Products ("AIP") on or about May 31, 2000, or (2) its Installation Products Group
("IPG") on or about July 31, 2000.  (A list of Class Members is attached as Exhibit 1).**

**This Notice contains important information about your legal rights relating to
Armstrong's RSSOP.  Please read this Notice carefully.**

**I.     <u>Summary Of This Notice and Settlement Terms</u>**

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure to inform
you of a proposed settlement of claims asserted by certain persons formerly employed by Armstrong
World Industries, Inc. ("AWI") in the Armstrong Insulation Products ("AIP") or Installation Products
Group ("IPG").  The action relates to the Retirement Savings and Stock Ownership Plan of
Armstrong World Industries, Inc. (the "RSSOP"), a pension plan in which the former employees
participated and through which they held shares of common stock of Armstrong Holdings, Inc.
("AHI"), or prior to its restructuring in year 2000, AWI.

This Notice describes the lawsuits, and explains the terms of the proposed settlement, how it affects your rights, and what steps you may take if you object to its terms. This Notice is only a summary. The full statement of the settlement terms are set forth in the Settlement Agreement, which controls over this Notice in the event of a conflict. All capitalized terms used in this Notice have the same meaning as used in the Settlement Agreement.

The proposed settlement must be approved by the United States District Court for the Eastern District of Pennsylvania (the "Court"), where these lawsuits are pending, and by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

**_IMPORTANT_  – Notice of dismissal of certain related Bankruptcy Proofs of Claim**

**As part of the Settlement Agreement, any Individual Proofs of Claim filed by Class Members in AWI's Chapter 11 Case, and which are related to the RSSOP, will also be dismissed without any additional payment.**

**The enclosed Supplemental Notice lists claims filed by you relating to the RSSOP which have been identified, and if any, a form entitled "Consent To Dismissal of Proof of Claim" and return envelope have also been enclosed. If a consent form is enclosed, it is important that you sign and return it to Class Counsel promptly, and no later than June 6, 2003. If the information on the Supplemental Notice about your proofs of claim is not accurate, you must inform Class Counsel in writing by the same date, or you will be bound by it.**

---

## II.   Description of the Litigation

Representative Plaintiffs are former employees of AWI who were separated from AWI's employment as a result of AWI's sale of (1) Armstrong Insulation Products ("AIP") on or about May 31, 2000, or (2) its Installation Products Group ("IPG") on or about July 31, 2000. Plaintiffs Dean Markley and Lori Shearer were employed in IPG, Plaintiff Michael Resetar was employed in AIP, and all were participants in the RSSOP and a predecessor plan known as the Share in Success Plan ("SIS"). Markley and Resetar commenced Civil Action No. 01-4413 on August 29, 2001, and Shearer commenced Civil Action No. 02-6029 on July 30, 2002. The Markley and Shearer lawsuits (the "Civil Actions") are virtually identical and have been consolidated by the Court.

The Defendants in the Civil Actions are the Retirement Committee of Armstrong World Industries, Inc. (the "Retirement Committee"); E. Allen Deaver, Frank A. Riddick, III, R. Scott Webster, Robert J. Shannon, Jr., Larry A. Pulkrabek, George A. Lorch, Deborah K. Owen, E. Follin Smith, Michael D. Lockhart, and Matthew J. Angello (collectively the "Individual Defendants"); the RSSOP; Armstrong Holdings, Inc. ("AHI"), and Mellon Bank, N.A. ("Mellon"). AWI on December 6, 2000 filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, and is not a defendant. However, Class Counsel have also filed an Amended Omnibus Proof of Claim on behalf of Class Members (other than Zero-Share Class Members) in the bankruptcy proceedings. This claim, as has or will be further amended by a Second Amended Class Proof of Claim (the "Class

Proof of Claim"), is also being settled under the Settlement Agreement.

Plaintiffs allege that the Retirement Committee, the Individual Defendants, and Mellon Bank, N.A. ("Mellon") breached fiduciary duties owed Class Members under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The lawsuits allege that AHI is liable as a successor to AWI under AWI's restructuring in the year 2000. Plaintiffs also allege, in their Proof of Claim, that AWI is liable as a plan fiduciary and for failure to pay benefits when due.

Class Members seek to recover losses they allege that they incurred in their RSSOP accounts, which was invested almost exclusively in AHI (and formerly, AWI) stock. Plaintiffs allege that when the SIS was merged with the Retirement Savings Plan in 1996 to form the RSSOP, Defendants were required to maintain the "floor" value of the SIS shares (then in the form of preferred stock) at $47.75 per share. Plaintiffs also allege that Defendants wrongly failed to diversify or permit participants to diversify the RSSOP when investments in AWI's common stock were allegedly no longer prudent due to AWI's setbacks and ongoing risks in asbestos-related litigation and when the purposes of the RSSOP allegedly could no longer be achieved by such investments. Plaintiffs also contend that Defendants wrongfully prevented Class Members from liquidating their RSSOP stock upon their separation from employment.

All Defendants vigorously dispute these allegations, deny any liability or wrongdoing, and assert that all of their actions were in accordance with all duties and obligations under EISA, the SIS and the RSSOP. In addition to asserting various defenses, Defendants have filed motions to dismiss on the basis that the claims based on events that occurred in 1996 are barred by the applicable statutes of limitation and asserting other legal arguments including that Plaintiffs failed to state a legally cognizable claim. Furthermore, AWI contends that it was only the plan sponsor for the RSSOP and as such has no liability to Class Members, and therefore, that all Class Member proofs of claim must be disallowed. Finally, AWI's insurer disputes coverage of these claims under AWI's insurance policy.

Without admitting any wrongdoing, the parties have stipulated that this case be certified as a Class Action, at least for purposes of this settlement, and the Court approved such stipulation on February 28, 2003.

## III.   Terms of the Proposed Settlement

**The Settlement Fund.** Under the settlement, Defendants will create a total Settlement Fund of One Million Four Hundred Sixty Five Thousand ($1,465,000), plus certain interest-equivalent on a portion of this Fund, as described herein. Of this amount, AWI will pay $750,000 (the "AWI Payment"), National Union Fire Insurance Co. of Pittsburgh, Pa., as fiduciary insurer for AWI and the Individual Defendants, will pay $500,000 (the "Insurance Payment"), and Mellon will pay $215,000 (the "Mellon Payment"). The Insurance Payment will be increased by the amount of interest earned that would have accrued on the escrow account of its attorneys from the date the Court approves the Stipulation and Settlement until the turnover of such funds. The Mellon Payment will be increased by an amount equal to the  interest  that would have accrued on such funds at the federal funds rate of 1.375% as of January 31, 2003 from that date through the date of turnover of

such funds.  No interest or interest-equivalent will be added to the AWI Payment.

The AWI Payment will be paid under AWI's proposed plan of reorganization to satisfy the Class Proof of Claim filed by Class Counsel.  That Class Proof of Claim will be treated as a series of Allowed Convenience Claims (each under $10,000 and in the aggregate amount of $1,000,000), which will be paid at the rate of 75% under AWI's proposed plan of reorganization (although the terms of AWI's Plan of Reorganization may otherwise be amended, the commitment for AWI to pay exactly $750,000, if approved by the Bankruptcy Court, will not be altered). To facilitate the settlement, the amounts claimed by Class Counsel on your behalf in the Class Proof of Claim is <u>less</u> than the total loss which Class Counsel contends you would be otherwise entitled to received in the absence of settlement, assuming you prevailed on those claims and funds were available to pay them.

**Distribution of the Settlement Fund, Attorneys Fees, and Other Deductions**.  Class Counsel will request that the Court award attorneys fees for their professional services in recovering the Settlement Fund in an amount not to exceed 28% of the Settlement Fund (i.e., up to $410,200), that Class Counsel also be reimbursed their litigation costs and expenses not to exceed $25,000, and that the Court award up to $5,000 each to the three representative plaintiffs as incentive awards for their services, costs, risks, and time in bringing these actions.  In addition, $400 will be set aside for payments of $100 each to 4 Class Members who had no shares of AHI stock in their RSSOP accounts ("Zero-Share Class Members") (although the number of Zero-Share Class Members is not expected to change, the same treatment would apply to all such persons).

**How is your share of the Settlement Fund determined?**  The balance of the Settlement Fund remaining after the above deductions (the "Net RSSOP Fund") is expected to be not less than $1,015,000, assuming the maximum deductions for attorneys fees and other deductions described above.  This Net RSSOP Fund will be divided for the pro rata benefit of all Class Members other than the Zero-Share Class Members (who will receive a direct payment of $100 each, as described above).  The pro rata calculation will be based upon the number of shares of AHI stock held in the RSSOP for the benefit of Class Members as of the end of year 2000, regardless of whether those shares were later sold.  Altogether, there were approximately 96,000 shares of such AHI stock, which results in a net settlement benefit of approximately $10.60 per AHI share.  Thus, if the settlement is approved and assuming the maximum deductions from the Settlement Fund are approved by the Court, a Class Member with 100 shares will receive a benefit of about $1,060, and a Class Member with 1,000 shares will receive about $10,600 in benefits.

Class Counsel will rely on Retirement Committee records to determine the number of AWI shares for allocation purposes.  However, if records are available to Class Counsel from Ardex or Armacell which show higher numbers of shares for some Class Members (generally due to automatic payroll deductions during the transition period after separation of employment from AWI), the Class Member will be credited with the higher number shares provided Class Counsel believes such records to be reliable.  **Exhibit 1 shows the number of shares of AHI stock which will be used to calculate your share of the Net RSSOP Fund.  If you believe that number of shares is <u>not</u> correct**, you must notify Class Counsel of that fact **in writing** prior to Monday, June 6, 2003, together with copies of any records you have to support your position, so that such question can be resolved.  In the absence of any such written objection, and documents to support such objection,

Class Counsel may conclusively rely on the number of shares shown on Exhibit 1.

**The Net RSSOP Fund Will Be Initially Paid to RSSOP.** The "Net RSSOP Fund" consists of the AWI Payment, the Mellon Payment, and the balance of the Insurance Payment after deducting the attorneys fees and other amounts described above. On the Turnover Date (see next section), the Net RSSOP Fund will be paid into the RSSOP as "Restorative Payments," and allocated among the Match Accounts of each Class Member (except Zero-Share Class Members). Such funds will be fully vested and shall be for such Class Member's exclusive benefit.

Within 30 days after the allocation, the Retirement Committee shall notify each Class Member of the amount received and of his or her right to elect to take a distribution from the Match Account in the form of a rollover into a tax qualified account or as a lump sum subject to taxes and/or penalties, all in accordance with the standard rules and procedures set forth under the RSSOP and applicable law; however, Class Members with account balances below $5,000 will be required to take a distribution, either in the form of a rollover into a tax qualified account or as a lump sum distribution that is subject to taxes and/or penalties. As a general matter, and subject to further information that you will receive from the Retirement Committee, lump sum distributions are subject to 20% federal withholding, and if not within 60 days rolled into a tax qualified account, are subject to federal and possibly state income taxes, and for persons under the age of 59-1/2, an additional 10% penalty.

**Final Approval; Turnover Date.** The Settlement Agreement will not become effective until the Settlement Date, which is when a Final Order is entered by the Court, Bankruptcy Court Approval has occurred, and such approvals become final by reason of no appeals being taken, or all appeals being favorably resolved or withdrawn and all rights to further appeals have expired. The "Turnover Date" means the date when the AWI, Insurance and Mellon Payments must be turned over to the RSSOP (or to Class Counsel to the extent applicable), and shall mean the earlier of (1) five business days after the effective date of AWI's Plan of Reorganization (including any amended plan of reorganization, if applicable), or (2) December 15, 2003, provided such turnover shall not occur prior to five business after the Settlement Date.

**Releases.** Upon occurrence of the Settlement Date and the complete turnover of the Settlement Fund, all Class Members are deemed to release all Defendants, including their predecessors, successors, future, past and present officers, directors, administrators, fiduciaries, trustees, partners, employees, agents, attorneys, accountants, insurers, reinsurers, parents, subsidiaries, affiliates and assigns and heirs of each of them, all in their capacities as such, and the RSSOP and ESOP plans and the current and past fiduciaries of such plans, from any and all claims which could have been asserted, have been asserted, or are now pending or arising in the future on behalf of or for the benefit of any Plaintiff or Class Member arising out of the facts, matters and occurrence upon which their claims in the Civil Actions are factually or legally related or based in whole or in part, including but not limited to all claims arising from or related to the SIS and the RSSOP and the participation of Class Members therein, whether such claims accrue under ERISA or any other state or federal statute or common law, as well as all claims for attorneys' fees and costs. Among other things, the release has the effect of also releasing any and all claims that Class Members should not have been excluded from receiving the ESOP Pension Account benefit provided

to Armstrong's active employees and retirees in November 2000.

Notwithstanding the foregoing, the Settlement Agreement shall not limit Class Members rights to enforce the Settlement Agreement and to obtain the benefit of their respective accounts in the RSSOP. In addition, it is acknowledged that certain Class Members may have existing interests in other AWI sponsored pension or benefit plans, and the Release shall not be construed to extinguish, or limit, the ability of Class Members to enforce any such rights, including rights in AWI's Retirement Income Plan, as may be applicable, including without limitation claims against any appropriate defendant. Nothing in the release shall be deemed to release or adversely affect any claim for personal injuries that any Class Member has, may have, or may hereafter incur, or which may hereafter manifest.

The Armstrong Defendants and Mellon covenant and agree that they shall make no claims against the Representative Plaintiffs, Class Members or their representatives, including their attorneys, for litigation costs, expenses or attorneys fees relating in any manner to the Civil Actions or the Chapter 11 Case, or arising out of any transaction or occurrence which are the subject of the Civil Actions. The Defendants have also agreed to release each other from certain claims.

**Dispute Resolution**. The Settlement Agreement, if approved by the Court, provides a dispute resolution procedure. Also, all parties and Class Members are deemed to have consented to having disputes under the settlement by a U.S. Magistrate Judge, if the Court so orders.

## IV.   Reasons For The Settlement

Class Counsel have vigorously pursued these Civil Actions. The Representative Plaintiffs and Class Counsel, after taking into account the risks of possible litigation results and the likelihood that this litigation, if not settled now, will be protracted and expensive, are satisfied that the terms and conditions of the Settlement Agreement are fair, reasonable and adequate. The Settlement Agreement has been entered into after arm's length negotiations with the Defendants and in good faith, including an earlier attempt to mediate the dispute with the aid of a retired federal judge.

The Defendants deny any and all liability to the Class. While denying any and all liability, the Defendants nevertheless recognize that the results of further litigation are uncertain and, should the Action proceed through trial and appeal, substantial and burdensome additional expense would be incurred. In addition, the Civil Actions are a distraction to AWI's emergence from the Chapter 11 Case.

Class Counsel warrant that, after full assessment of all of the facts and circumstances of the Civil Actions, to the best of their knowledge, information and belief, the Settlement Agreement as set forth herein represents fair, adequate and reasonable consideration for the Class Members' claims.

## V.   Your Rights As A Class Member

A.   **Appearances by Counsel**. You may, at your own expense, enter an appearance in

these proceedings by your own counsel.  Otherwise, your interests are represented by the following Court-designated Class Counsel:

> Richard A. Finberg, Esquire
> Malakoff Doyle & Finberg, P.C.
> Suite 200, The Frick Building
> Pittsburgh, PA  15222
> phone: (412) 281-8400  fax: (412) 281-3262   e-mail:  rfinberg@mdfpc.com

### B.      The Fairness Hearing and Bankruptcy Court Hearing

A court hearing (the "Fairness Hearing") to determine whether the Settlement Agreement should be approved as fair, reasonable and adequate to the Class, and to consider Class Counsel's request for attorneys fees, costs and expenses and incentive awards to the Representative Plaintiffs will be held on Monday, June 16, 2003 at 9:30 A.M. before District Judge Anita B. Brody at the United States Courthouse, Courtroom 7-B, Eastern District of Pennsylvania, 6th and Market Streets, Philadelphia, PA.  Class Counsel's papers in support of the Settlement Agreement and other requests will be on file with the Court by May 23, 2003.

You are <u>not</u> required to attend, but are welcome to do so.  If you have filed an objection, you should attend at that time, in person or by counsel, to present such objection.

The Delaware Bankruptcy Court per the Honorable Randall J. Newsome approved the settlement on March 31, 2003.

### C.      If you are satisfied with the settlement, requests for attorneys fees and other provisions:

If you are listed on Exhibit 1, you need not do anything to be included in the settlement and will automatically receive its benefits if it is approved.  However, if you filed a proof of claim relating to the RSSOP in AWI's Chapter 11 Case, you should return the Consent To Dismissal Of Proof Of Claim form no later than June 6, 2003.  In addition, if you dispute the number of AHI shares listed for your account on Exhibit 1, you must object to Class Counsel in writing by such date, or will be bound by Exhibit 1.  If the address shown on your envelope is wrong, or if you expect to be moving, please notify Class Counsel in writing.

### D.      If you are not satisfied by the terms of the settlement or request for attorneys fees, costs and expenses or incentive payments to Representative Plaintiffs:

Any objections to the terms of the Settlement Agreement, the Plan of Distribution or the requests for payment of attorneys fees, litigation, costs and expenses or incentive payments to the Representative Plaintiffs, must be filed with the Court no later than June 6, 2003, as follows:

> Michael E. Kunz, Clerk
> United States District Court For the Eastern District of Pennsylvania

2609 U.S. Courthouse
Independence Mall W
601 Market St.
Philadelphia, PA  19106-1797

In addition, copies must be <u>served on Class Counsel and Defendants' counsel</u> at the following addresses:

Richard A. Finberg, Esquire
Malakoff Doyle & Finberg, P.C.
Suite 200, The Frick Building
Pittsburgh, PA  15222
(412) 281-8400
*Class Counsel*

Kay Kyungsun Yu, Esquire            Barry R. Elson, Esquire
MORGAN, LEWIS & BOCKIUS LLP         KITTREDGE, DONLEY, ELSON
1701 Market Street                     FULLEM & EMBICK, LLP
Philadelphia, PA  19103-2921        421 Chestnut Street, Fifth Floor
                                    Philadelphia, PA  19106
*Counsel For Armstrong Defendants*  *Counsel for Mellon Bank, N.A.*

**<u>Please note -- Voting on AWI's Plan of Reorganization, whether for or against, does not affect the Court procedures described herein.</u>**  Because of the Class Proof of Claim, it is presently anticipated that Class Members (except for Zero-Share Class Members) will be given an opportunity to vote on AWI's proposed Plan of Reorganization (as may be amended).  <u>That vote is independent of the Fairness Hearing; if you wish to object to the Settlement Agreement, you must follow the procedures herein</u>.  Also, please note that the numbers of votes you are given in the bankruptcy proceeding may be based on a different formula than will apply to distributing the benefits of this settlement. If you have any questions regarding these procedures, please contact Class Counsel.

Objections not post-marked by June 6, 2003 may not be considered by the Court.

E.    **<u>Right To Examine Court Papers</u>**

As noted, the above description of this Action and settlement are a summary only.  The complete Settlement Agreement and other Court filings are referred to other papers filed in this Action, which are available for inspection by you or your attorney or other representatives during regular office hours at the office of the Clerk of the Court at the address shown above. If there is any inconsistency between this Notice and the Court filings, the Court filings will control.  Copies of the complete Settlement Agreement will be provided by Class Counsel, upon request.

**<u>PLEASE DO NOT CALL OR WRITE THE COURT DIRECTLY.  IF YOU HAVE ANY</u>**

**QUESTIONS, PLEASE CONTACT CLASS COUNSEL AT THE ABOVE ADDRESS.**

/s/ Michael E. Kunz, Clerk of Court
By Order of the United States District Court for the
Eastern District of Pennsylvania

Dated:  April 22, 2003

## EXHIBIT 1 - CLASS MEMBERS AND SHARES IN THE RSSOP

### (As a Class Member, you are automatically included in the Settlement)

**Installation Products Group (IPG)**   **Shares of Armstrong Stock in RSSOP**

| | | |
|---|---|---|
| Alvarez, Enrique - 409.899 Shares | Hanners, David R. - 8.500 Shares | Pugh, Fay S. - 102.908 Shares |
| Ankomah, Mercy - 17.474 Shares | Harper, Hansel W. - 1,730.222 Shares | Ramos, Israel - 44.507 Shares |
| Ashline, Donald - 180.095 Shares | Harvey, Richard - 672.095 Shares | Randall, Gregory - 35.511 Shares |
| Beck, Danny E. - 273.914 Shares | Hernandez, Israel - 162.133 Shares | Randazzo, John - 590.527 Shares |
| Blanchette, Timothy J. - 250.612 Shares | Hertz, William - 154.730 Shares | Randolph, William - 286.965 Shares |
| Bolin, Virgil Keith - 691.527 Shares | Hines, Kristina - 133.885 Shares | Rinesmith, Eric - 62.584 Shares |
| Bowles, Robert E. - 17.473 Shares | Hisel, Duane Dean - 8.500 Shares | Ringo, Leesther - 22.726 Shares |
| Brewer, Christopher - 128.837 Shares | Holmes, Phillip A. - 211.130 Shares | Roath, Diane - 8.500 Shares |
| Brown, Danny V. - 297.490 Shares | Hunt, Nancy E. - 107.692 Shares | Roland, Kenton N. - 208.384 Shares |
| Builta, Amy - 38.532 Shares | Hutyra, Mathew H. - 8.500 Shares | Ross, Diane - 122.968 Shares |
| Burton, Danny - 89.938 Shares | Iseah, Edwin - 8.500 Shares | Savoie, Kevin - 419.638 Shares |
| Cain, Denman - 8.500 Shares | Jefferies, Charles M. - 35.510 Shares | Scott, Amman - 8.500 Shares |
| Cantu, Frank - 106.603 Shares | Jerski, Gerald - 8.500 Shares | Scott, Richard E. - 280.603 Shares |
| Cardenas-Orosco, Sergio - 223.554 Shares | Johnson, Aaron W. - 126.540 Shares | Seavers, Marshall R. - 737.726 Shares |
| Cardenas-Orosco, Miguel - 62.585 Shares | Johnson, Dennis Allen - 348.548 Shares | Sessions, Elroy R. - 62.585 Shares |
| Cardwell, William - 635.548 Shares | Jones, Joseph N. - 62.585 Shares | Shearer, Lori Jo L. - 788.659 Shares |
| Carroll, Larry S. - 365.976 Shares | Jones, Julia - 8.500 Shares | Silsbee, Brian A. - 247.921 Shares |
| Carroll, Nick - 8.500 Shares | Juncal, Ronald M. - 1,206.629 Shares | Slaughter, Lathan E. - 17.474 Shares |
| Carroll, Steven J. - 197.234 Shares | Karraker, Timothy L. - 8.500 Shares | Small, James Brian - 316.098 Shares |
| Conner, Barry R. - 124.232 Shares | Kella, John Richard - 972.393 Shares | Smith, David - 317.541 Shares |
| Conner, Robert L. - 308.096 Shares | Kelly, Patrick W. - 8.500 Shares | Smith, Floyd T. - 239.891 Shares |
| Crouch, W. Michael - 1,921.749 Shares | Killcrease, Renita A. - 53.605 Shares | Talbert, Jeremy F. - 59.476 Shares |
| Davis, Eric - 30.159 Shares | King, Donna Ruth - 269.631 Shares | Teran, Florencio - 62.584 Shares |
| Dekoster, David M. - 8.500 Shares | Kirchner, Julia A. - 602.267 Shares | Thomas, Jr., Rudolph - 62.321 Shares |
| Delagarza, Ralph - 62.587 Shares | Kopsell, Andrea F. - 53.606 Shares | Thompson, Robert E. - 53.606 Shares |
| Denault, Kimi L. - 43.094 Shares | Kowalski, Gerald - 523.811 Shares | Thoulion, Walter - 8.500 Shares |
| Derr, Tina - 929.870 Shares | Lane, James - 424.965 Shares | Thelkeld, Thomas - 308.324 Shares |
| Dodson, Jess A. - 220.346 Shares | Litton, Mark D. - 1,699.588 Shares | Valle, Mario L. - 166.875 Shares |
| Duque, Johnnie - 62.586 Shares | Lu, Lida - 1,360.232 Shares | Vela, Avelino - 147.167 Shares |
| Eagle, Brent W. - 53.603 Shares | Maldonado, Samuel - 26.418 Shares | Wagner, Jr., Wilbur O. - 411.194 Shares |
| Edwards, Arthur - 17.474 Shares | Malkowski, James - 710.706 Shares | Wayne, Dennis - 1,083.097 Shares |
| Eshleman, James Michael - 1,046.901 Shares | Mares, Johnny J. - 231.375 Shares | Welch, Roger - 81.837 Shares |
| Estrada, Daniel - 330.943 Shares | Mares, Rubin A. - 37.231 Shares | Weldon, Gary - 35.511 Shares |
| Evans, Don E. - 249.082 Shares | Markley, Dean - 1,188.609 Shares | Wenger, Chad - 80.971 Shares |
| Fastow, Robert P. - 384.765 Shares | Mason, James M. - 170.901 Shares | White, Jessie M. - 8.500 Shares |
| Fernandez, Luis - 62.584 Shares | Masterson, James J. - 1,837.138 Shares | Wicherek, David V. - 258.244 Shares |
| Flemister, Larry - 17.474 Shares | McGee, Charles - 313.925 Shares | Wilkes, Baron - 48.404 Shares |
| Flores, Suzanne - 8.500 Shares | Millhouse, Larry L. - 415.624 Shares | Williams, George - 378.705 Shares |
| Gagnon, Rachel - 53.605 Shares | Mizell, Robert - 109.422 Shares | Woldemariam, Evangeline R. - 545.262 Shares |
| Gall, Brock J. - 162.147 Shares | Moncrief, Lee - 209.470 Shares | Wolski, Michael C. - 129.719 Shares |
| Garcia, Jose - 385.252 Shares | Montelongo, Osvaldo - 26.418 Shares | Worthington, Deborah - 284.185 Shares |
| Gennie, Elijah - 109.140 Shares | Morrison, Roy - 8.500 Shares | Zalac, Robert - 8.500 Shares |
| Godina, Nicolas - 408.132 Shares | Morse, Charlene A. - 53.605 Shares | |
| Gomez, Armando - 323.862 Shares | Moye, Chester L. - 118.927 Shares | |
| Gomez, Filiberto - 62.584 Shares | Munoz, Mariano - 17.474 Shares | |
| Gomez, Jose M. - 93.718 Shares | Naas, Larry - 404.702 Shares | |
| Gonzalez, Juan M. - 8.500 Shares | Oqueli, Marco A. - 332.294 Shares | |
| Graham, Terry - 819.606 Shares | Ortiz, Gilberto - 8.500 Shares | |
| Gravely, Johnny W. - 44.505 Shares | Ott, W. - 456.914 Shares | |
| Greenwood, John W. - 350.644 Shares | Pampuch, Shane J. - 53.607 Shares | |
| Griffin, Ray A. - 328.194 Shares | Perales, Erasmo - 146.064 Shares | |
| Gross, Alfreda B. - 274.672 Shares | Pierce, Glenna Ann - 452.803 Shares | |
| Haas, Damien C. - 62.584 Shares | Pijar, Michael - 2,042.811 Shares | |

## Armstrong Insulation Products (AIP)        Shares of Armstrong Stock in RSSOP

Alarcon, Julia - 445.898 Shares
Alexander, Brian - 71.084 Shares
Alexander, Thomas - 8.500 Shares
Althouse, Bruce - 1412.342 Shares
Amin, Sneha - 63.174 Shares
Andrews, Donnie - 102.585 Shares
Andrews, Glynda - 903.241 Shares
Arroyo, Paul - 35.510 Shares
Austin, Nick - 71.671 Shares
Autry, Elizabeth - 71.672 Shares
Barger, Samuel - 181.555 Shares
Barrett, Michael - 372.572 Shares
Barrett, Stephen - 1262.940 Shares
Beane, Tammy - 248.476 Shares
Bearking, Richard - 263.518 Shares
Bigelow, Gwendolyn - 53.605 Shares
Blackburn, Michael W. - 17.475 Shares
Bostic, Jeffrey - 426.881 Shares
Bowman, Freddie - 812.787 Shares
Bowman, William - 99.480 Shares
Bradley, Alma - 26.419 Shares
Bradsher, Derwin - 17.474 Shares
Bray, Kerri - 26.418 Shares
Breeze, Thermon - 71.672 Shares
Brenner, Jeffrey - 71.671 Shares
Brooks, Paul D. - 17.474 Shares
Burnette, George - 129.219 Shares
Burton, Dennis -165.208 Shares
Busbin, Randy - 186.212 Shares
Butler, Nannette - 421.434 Shares
Byrd, Preston - 456.227 Shares
Cameron, Rodney - 35.510 Shares
Carden, Kenneth - 328.631 Shares
Carnes, Heidi - 373.775 Shares
Carpenter, Amy - 71.675 Shares
Carson, Elijah - 17.474 Shares
Carter III, Lawrence - 44.509 Shares
Carter, Stehanie - 288.580 Shares
Castillo, Pedro - 8.500 Shares
Chacon, Adolfo - 18.034 Shares
Chambers, Herbert - 71.671 Shares
Clayton, Anthony - 71.672 Shares
Coleman, Teddy - 35.510 Shares
Cooper, Glenn - 661.078 Shares
Core, Ronice - 35.121 Shares
Costello, Dennis - 487.659 Shares
Cotton, Ronald J. - 17.474 Shares
Crandall, Bonnie - 134.649 Shares
Crenshaw, Frederick- 240.907 Shares
Crisp, Cardell - 103.121 Shares
Dale, Barbara - 279.102 Shares
Davis, Amy C. - 17.474 Shares
Davis, Christopher - 135.914 Shares
Davis, Lorenzi(o) - 26.418 Shares
Davis, Stephen - 913.012 Shares
Davis, Sylvester - 8.500 Shares
Daye, Ray - 333.726 Shares
Denijs, Paul - 280.239 Shares
Diaz, Heriberto - 17.474 Shares
Dizel, Robert - 288.601 Shares
Doby, Sandra - 213.188 Shares
Douglas, David - 140.133 Shares
Downey, Charles - 292.959 Shares
Duncan, Mark - 1127.182 Shares
Dycus, Cheryl - 8.500 Shares

Fahsel, Michael - 1350.414 Shares
Farrow, Rudolph - 136.176 Shares
Farst, Troy - 1095.941 Shares
Faucette, Jack - 103.415 Shares
Faucette, Robyn Lynn - 17.474 Shares
Faulkner, Landie - 427.246 Shares
Findlay, Dexter - 250.578 Shares
Findlay, Paul - 211.029 Shares
Fitzgerald, James - 71.672 Shares
Flores, Rafael - 8.500 Shares
Fuller, Jason - 302.806 Shares
Gale, Christopher - 833.996 Shares
Garcia, Marcos - 17.474 Shares
Garner, Edward - 71.674 Shares
Garrett, Linda - 41.808 Shares
Gattis, Timothy - 239.983 Shares
Gilliam, Victor - 382.694 Shares
Gonzalez, Jorge - 27.009 Shares
Grantham, Jason - 26.419 Shares
Graves, Stanley - 17.474 Shares
Greer, Alan - 35.509 Shares
Gutlierrez, Balbino - 35.509 Shares
Harrington, Lisa - 56.253 Shares
Harris Jr., Thomas - 199.243 Shares
Hayes, Mark - 831.126 Shares
Heintzelman, Michael - 817.374 Shares
Henry, Michael - 257.579 Shares
Henson, Eric - 176.817 Shares
Hightower, Rhonda - 174.270 Shares
Hightower, Sharon - 117.264 Shares
Hockreiter, Jane - 144.738 Shares
Hodnett, Charles - 53.606 Shares
Hodnett, Gaylia - 35.510 Shares
Holman, Joann - 71.673 Shares
Hopkins, Gary - 26.418 Shares
Houghton, Brian - 613.844 Shares
Huffines, Shawn - 71.672 Shares
Hulsey, David - 23.062 Shares
Humphries, Eric - 44.506 Shares
Hunter, Angela - 62.584 Shares
Hyde, Christian - 48.985 Shares
Hylton, Denzil - 150.474 Shares
Jablonski, Chester - 373.658 Shares
Jackson, Tyrone - 62.585 Shares
Jeffries, Angela - 8.500 Shares
Johann, Holger - 1335.946 Shares
Johnson, Stephen - 455.882 Shares
Jones, John - 99.756 Shares
Jones, Michael - 44.506 Shares
Jones, Perry - 123.736 Shares
Jones, Philip - 39.288 Shares
Joyce, Jerry - 71.672 Shares
Kernodle, John - 399.078 Shares
Kilgore, Billy - 250.252 Shares
King Jr., Earl - 436.770 Shares
King, Robert - 960.597 Shares
Kirby, Amie - 144.197 Shares
Kraus, Daxter - 8.500 Shares
Lamarre, Mark - 288.897 Shares
Lambert, Tammy Jo - 93.353 Shares
Lattie, Antonio - 75.325 Shares
Lattie, Gerald - 233.535 Shares
Lawson, Charles - 114.386 Shares
Lawson, Michael - 8.500 Shares
Lawson, Terry - 71.674 Shares

Lea, Sequiency - 17.475 Shares
Lloyd, Barry - 365.083 Shares
Long, Dexter - 8.974 Shares
Long, Linda - 71.673 Shares
Long, Tony - 62.584 Shares
Looman, Richard - 283.903 Shares
Loy, Monica - 71.672 Shares
MacDougall, Malcolm - 1247.808 Shares
MacMillan Jr, Donald - 379.126 Shares
Mahaffey, Jason - 71.673 Shares
Manning, Vickie - 35.510 Shares
Mars Jr., James - 2241.090 Shares
Martinez, Filadelfo - 35.510 Shares
Maxwell, Kim - 71.672 Shares
McGehee, Gregory - 110.874 Shares
Mebane, Shannon - 17.474 Shares
Mege, Jody - 35.511 Shares
Miles, Cynthia - 44.504 Shares
Millard, Kimberly - 140.558 Shares
Moon, Donald - 32.082 Shares
Moore, Charles - 44.506 Shares
Moore, Eric - 17.474 Shares
Moreno, Johnny - 8.500 Shares
Murr, Jeffrey - 183.348 Shares
Musick, Adam - 62.585 Shares
Nickerson, Jennifer - 62.586 Shares
Niles, Michael - 459.599 Shares
Norwood, Keith - 17.474 Shares
Oakes, Dewey - 17.474 Shares
Oberle, William - 357.050 Shares
O'Neill Jr., James - 100.282 Shares
Pace, Matthew - 278.363 Shares
Pace, Robert - 365.283 Shares
Palacios, Bernardo - 17.474 Shares
Parker, Koronda - 56.621 Shares
Parsons, Theresa - 17.474 Shares
Paul, Travis - 71.674 Shares
Paylor, Jason - 35.511 Shares
Pettiford, Angela - 113.446 Shares
Pettiford, Michael - 35.510 Shares
Pirkle, Thomas - 71.672 Shares
Poe, Sabrina - 156.201 Shares
Polito, David - 593.120 Shares
Rakfeldt, Bruce - 71.673 Shares
Ramirez, Gerber - 26.418 Shares
Reives, Brent - 17.475 Shares
Resetar, Michael - 1222.273 Shares
Robinson, Chris - 94.276 Shares
Roman, Antelmo - 36.006 Shares
Rushing, Robert - 147.811 Shares
Sahd, Deborah - 290.726 Shares
Sands, Lisa - 264.334 Shares
Sangal, Gorav - 532.806 Shares
Scoggins, Randy - 526.734 Shares
Scott, Kathy - 252.210 Shares
Serracin, Victor - 26.418 Shares
Shaw, Eulise - 8.500 Shares
Sheffield, Ava - 315.702 Shares
Shrader, Michael - 8.500 Shares
Smith, Eloise - 71.672 Shares
Smothers, William - 300.814 Shares
Snipes, Jerry - 8.500 Shares
Songster, Dawn - 26.418 Shares
Southern Michael - 27.333 Shares
Stamatis, Sam - 459.282 Shares

Stanfield, Delaney - 17.474 Shares
Stanton, Robert - 53.606 Shares
Stevens, Lee - 1364.713 Shares
Stokes, Douglas - 35.510 Shares
Stokes, Johnny - 8.500 Shares
Sumner, L. - 94.346 Shares
Sykes, Jolynn - 62.584 Shares
Thedford, Donna - 867.813 Shares
Thomas, James - 35.509 Shares
Thompson, Billy - 478.567 Shares
Tilson, Robert - 222.465 Shares
Trollinger, Lashonda-71.673 Shares
Turner, Alvorn - 26.418 Shares
Turner, Horace - 368.485 Shares
Tyree, Kristan - 85.196 Shares
Vaught, Sherri - 17.474 Shares
Villagomez, Jose - 17.475 Shares
Vise, Clayton - 399.115 Shares
Wall, Jason - 101.838 Shares
Walter, John - 1249.434 Shares
Warren, Milton - 269.279 Shares
Watters, Chris - 71.673 Shares
Webster, Beverly - 220.258 Shares
Wentz, George - 1170.634 Shares
Wilcox, Timothy - 53.603 Shares
Williams, Donna - 202.194 Shares
Williams, Kevin - 188.473 Shares
Woodall, Rodney J. - 17.474 Shares
Workman, Tammy - 35.510 Shares
Wright, Richard - 213.458 Shares
Wright, Rosemary - 761.568 Shares
Yakbowski, John - 1211.159 Shares
Yellock, Rochelle - 8.500 Shares

**Additional persons
with 0.00 Shares**

Evans, Francois
Hall IV, James
Miller, Cora
Tinnin, Craig

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

_____
                                              :
In re:  ARMSTRONG WORLD INDUSTRIES, INC.,     :       Case No. 00-4471 (JJF)
                                              :
                                 Debtor.      :       Chapter 11
_____     :

**SUPPLEMENTAL NOTICE**
**OF DISMISSAL OF BANKRUPTCY INDIVIDUAL PROOFS OF CLAIM**
**RELATING TO RSSOP**

---

*IMPORTANT*  **– Notice of dismissal of certain related Bankruptcy Proofs of Claim**

**As part of the Settlement Agreement, any Individual Proofs of Claim filed by Class Members in AWI's Chapter 11 Case, and which are related to the RSSOP, will also be dismissed without any additional payment.**

This Supplemental Notice identifies Individual Proof of Claim filed by you.  If you have filed a proof of claim relating to the RSSOP, you must follow the steps below by [class objection date]

**If the information on the Supplemental Notice about your proofs of claim is not accurate,** you also must take action, as described below, by [same date].  Otherwise, any rights you may have respecting such claim will be lost.

---

If the class action Settlement Agreement in the *Markley* and *Shearer* cases is approved by the District Court and the Bankruptcy Court, all individual proofs of claim of Class Members which relate to the RSSOP (including the SIS) *will be extinguished and dismissed without further notice or Order of the Bankruptcy Court.*  If you have also filed *other proofs of claim* in the AWI Bankruptcy, not related to the RSSOP (such as, claims for Special Incentive Bonuses), such other claim is not affected by the class action Settlement Agreement, and is subject to further processing.

*What You Must Do:*  If you filed a proof of claim in the AWI Chapter 11 Case, you should do the following:

1.      If you have **not** filed a claim in the AWI Chapter 11 Case, no action is required.

2.      If you filed a claim relating to the RSSOP, and the information below is **accurate**, you should promptly sign the enclosed Consent To Dismissal of Proof of Claim and mail it **to Class Counsel only** , to be received no later than [Class Action objection date].  Such claim will be automatically dismissed if the Class Action Settlement

Agreement receives all necessary Court and Bankruptcy Court approvals and such approvals become final.

3     **If the information shown below is not accurate for any reason** (e.g., (1) because you filed a proof of claim in AWI Chapter 11 Case related to the RSSOP plan, but the proof of claim not listed, or (2) because the listed below is not a RSSOP claim), **you must notify Class Counsel and Counsel for Armstrong (both listed below)** by **[class objection date]** so that such claim can be properly processed.  Please note that all claims related to the RSSOP will be dismissed if the class action Settlement Agreement receives all necessary approvals, and any individual proof of claim that relates to the RSSOP will not be paid even if it is not identified below.

**Contact information:**

| | |
|---|---|
| Richard A. Finberg, Esq. | Kenneth L. Jacobs, Esq. |
| Malakoff Doyle & Finberg, P.C. | Armstrong World Industries, Inc. |
| Suite 200, The Frick Building | P. O. Box 3001 |
| Pittsburgh, PA 15219 | Lancaster, PA 17604 |
| (412) 281-8400 (phone) | *Attorney for Armstrong World* |
| (412) 281-3262 (fax) | *Industries, Inc.* |
| *Class Counsel* | |
| (Consent forms, or to correct | (To correct claim information only) |
| Claim information) | |

_____

**YOUR PROOF OF CLAIM INFORMATION:**

Name _____     Individual Proof of Claim No.  __None__
                                 [Fill in "None," if applicable]

**"No action by you is necessary."**

# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

_____

                        :

In re:  ARMSTRONG WORLD INDUSTRIES, INC.,   :    Case No. 00-4471 (JJF)

                        :

                  Debtor.    :    Chapter 11

                        :

_____

**SUPPLEMENTAL NOTICE
OF DISMISSAL OF BANKRUPTCY INDIVIDUAL PROOFS OF CLAIM
<u>RELATING TO RSSOP</u>**

---

**<u>*IMPORTANT*</u>  – Notice of dismissal of certain related Bankruptcy Proofs of Claim**

      **As part of the Settlement Agreement, any Individual Proofs of Claim filed by Class Members in AWI's Chapter 11 Case, and which are related to the RSSOP, will also be dismissed without any additional payment.**

      This Supplemental Notice identifies Individual Proof of Claim filed by you.  If you have filed a proof of claim relating to the RSSOP, you must follow the steps below by [class objection date]

      <u>**If the information on the Supplemental Notice about your proofs of claim is not accurate,**</u> you also must take action, as described below, by [same date].  Otherwise, any rights you may have respecting such claim will be lost.

---

      If the class action Settlement Agreement in the *Markley* and *Shearer* cases is approved by the District Court and the Bankruptcy Court, <u>all individual proofs of claim of Class Members which relate to the RSSOP (including the SIS)</u> ***will be extinguished and dismissed without further notice or Order of the Bankruptcy Court.***  If you have also filed ***other proofs of claim*** in the AWI Bankruptcy, <u>not</u> related to the RSSOP (such as, claims for Special Incentive Bonuses), such <u>other</u> claim is <u>not</u> affected by the class action Settlement Agreement, and is subject to further processing.

      <u>***What You Must Do:***</u>  If you filed a proof of claim in the AWI Chapter 11 Case, you should do the following:

1.    If you have **<u>not</u>** filed a claim in the AWI Chapter 11 Case, no action is required.

2.    If you filed a claim relating to the RSSOP, and the information below is **accurate**, you should promptly sign the enclosed Consent To Dismissal of Proof of Claim and mail it **to Class Counsel only** , to be received no later than [Class Action objection date].  Such claim will be automatically dismissed if the Class Action Settlement

Agreement receives all necessary Court and Bankruptcy Court approvals and such approvals become final.

3       **If the information shown below is not accurate for any reason** (e.g., (1) because you filed a proof of claim in AWI Chapter 11 Case related to the RSSOP plan, but the proof of claim not listed, or (2) because the listed below is not a RSSOP claim), **you must notify Class Counsel and Counsel for Armstrong (both listed below)** by **[class objection date]** so that such claim can be properly processed.  Please note that all claims related to the RSSOP will be dismissed if the class action Settlement Agreement receives all necessary approvals, and any individual proof of claim that relates to the RSSOP will not be paid even if it is not identified below.

**Contact information:**

Richard A. Finberg, Esq.                    Kenneth L. Jacobs, Esq.
Malakoff Doyle & Finberg, P.C.              Armstrong World Industries, Inc.
Suite 200, The Frick Building              P. O. Box 3001
Pittsburgh, PA 15219                        Lancaster, PA 17604
(412) 281-8400 (phone)                      *Attorney for Armstrong World*
(412) 281-3262 (fax)                        *Industries, Inc.*
*Class Counsel*
(Consent forms, or to correct              (To correct claim information only)
  Claim information)

_____

**YOUR PROOF OF CLAIM INFORMATION:**

Name _____        Individual Proof of Claim No. __0000____
                                   [Fill in "None," if applicable]

        This Proof of Claim relates to the RSSOP -- this claim will be disallowed and extinguished by the Settlement Agreement.

        ***Please sign and return the enclosed 'Consent To Dismissal of Proof of Claim' form."***

# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

_____
                                            :
In re:  ARMSTRONG WORLD INDUSTRIES, INC.,   :       Case No. 00-4471 (JJF)
                                            :
                                Debtor.     :       Chapter 11
                                            :
_____

## SUPPLEMENTAL NOTICE
## OF DISMISSAL OF BANKRUPTCY INDIVIDUAL PROOFS OF CLAIM
## RELATING TO RSSOP

---

**IMPORTANT**  **– Notice of dismissal of certain related Bankruptcy Proofs of Claim**

**As part of the Settlement Agreement, any Individual Proofs of Claim filed by Class Members in AWI's Chapter 11 Case, and which are related to the RSSOP, will also be dismissed without any additional payment.**

This Supplemental Notice identifies Individual Proof of Claim filed by you.  If you have filed a proof of claim relating to the RSSOP, you must follow the steps below by [class objection date]

**If the information on the Supplemental Notice about your proofs of claim is not accurate,** you also must take action, as described below, by [same date].  Otherwise, any rights you may have respecting such claim will be lost.

---

If the class action Settlement Agreement in the *Markley* and *Shearer* cases is approved by the District Court and the Bankruptcy Court, all individual proofs of claim of Class Members which relate to the RSSOP (including the SIS) *will be extinguished and dismissed without further notice or Order of the Bankruptcy Court.*  If you have also filed *other proofs of claim* in the AWI Bankruptcy, not related to the RSSOP (such as, claims for Special Incentive Bonuses), such other claim is not affected by the class action Settlement Agreement, and is subject to further processing.

***What You Must Do:***  If you filed a proof of claim in the AWI Chapter 11 Case, you should do the following:

1.      If you have **not** filed a claim in the AWI Chapter 11 Case, no action is required.

2.      If you filed a claim relating to the RSSOP, and the information below is **accurate**, you should promptly sign the enclosed Consent To Dismissal of Proof of Claim and mail it **to Class Counsel only** , to be received no later than [Class Action objection date].  Such claim will be automatically dismissed if the Class Action Settlement

Agreement receives all necessary Court and Bankruptcy Court approvals and such approvals become final.

3    **If the information shown below is not accurate for any reason** (e.g., (1) because you filed a proof of claim in AWI Chapter 11 Case related to the RSSOP plan, but the proof of claim not listed, or (2) because the listed below is not a RSSOP claim), **you must notify Class Counsel and Counsel for Armstrong (both listed below)** by **[class objection date]** so that such claim can be properly processed.  Please note that all claims related to the RSSOP will be dismissed if the class action Settlement Agreement receives all necessary approvals, and any individual proof of claim that relates to the RSSOP will not be paid even if it is not identified below.

**Contact information:**

Richard A. Finberg, Esq.                   Kenneth L. Jacobs, Esq.
Malakoff Doyle & Finberg, P.C.             Armstrong World Industries, Inc.
Suite 200, The Frick Building              P. O. Box 3001
Pittsburgh, PA 15219                       Lancaster, PA 17604
(412) 281-8400 (phone)                     *Attorney for Armstrong World*
(412) 281-3262 (fax)                       *Industries, Inc.*
*Class Counsel*
(Consent forms, or to correct              (To correct claim information only)
  Claim information)

---

**YOUR PROOF OF CLAIM INFORMATION:**

Name _____          Individual Proof of Claim No. ___None___
                                      [Fill in "None," if applicable]

This Proof of Claim relates to the RSSOP – this claim will be disallowed and extinguished by the Settlement Agreement.

**_Please sign and return the enclosed 'Consent To Dismissal of Proof of Claim' form._**

You have also filed a claim for Special Incentive Bonus (Claim No. 0000).  This Proof of Claim is <u>not</u> related to the RSSOP, and will be separately processed.

# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

|   |   |   |
|---|---|---|
| | : | |
| In re:  ARMSTRONG WORLD INDUSTRIES, INC., | : | Case No. 00-4471 (JJF) |
| | : | |
| Debtor. | : | Chapter 11 |
| | : | |

---

**SUPPLEMENTAL NOTICE
OF DISMISSAL OF BANKRUPTCY INDIVIDUAL PROOFS OF CLAIM
RELATING TO RSSOP**

---

***IMPORTANT***  **– Notice of dismissal of certain related Bankruptcy Proofs of Claim**

**As part of the Settlement Agreement, any Individual Proofs of Claim filed by Class Members in AWI's Chapter 11 Case, and which are related to the RSSOP, will also be dismissed without any additional payment.**

This Supplemental Notice identifies Individual Proof of Claim filed by you.  If you have filed a proof of claim relating to the RSSOP, you must follow the steps below by [class objection date]

**If the information on the Supplemental Notice about your proofs of claim is not accurate,** you also must take action, as described below, by [same date].  Otherwise, any rights you may have respecting such claim will be lost.

---

If the class action Settlement Agreement in the *Markley* and *Shearer* cases is approved by the District Court and the Bankruptcy Court, all individual proofs of claim of Class Members which relate to the RSSOP (including the SIS) ***will be extinguished and dismissed without further notice or Order of the Bankruptcy Court.***  If you have also filed ***other proofs of claim*** in the AWI Bankruptcy, not related to the RSSOP (such as, claims for Special Incentive Bonuses), such other claim is not affected by the class action Settlement Agreement, and is subject to further processing.

***What You Must Do:***  If you filed a proof of claim in the AWI Chapter 11 Case, you should do the following:

1.   If you have **not** filed a claim in the AWI Chapter 11 Case, no action is required.

2.   If you filed a claim relating to the RSSOP, and the information below is **accurate**, you should promptly sign the enclosed Consent To Dismissal of Proof of Claim and

mail it **to Class Counsel only** , to be received no later than [Class Action objection date]. Such claim will be automatically dismissed if the Class Action Settlement Agreement receives all necessary Court and Bankruptcy Court approvals and such approvals become final.

3    **If the information shown below is not accurate for any reason** (e.g., (1) because you filed a proof of claim in AWI Chapter 11 Case related to the RSSOP plan, but the proof of claim not listed, or (2) because the listed below is not a RSSOP claim), **you must notify Class Counsel and Counsel for Armstrong (both listed below)** by **[class objection date]** so that such claim can be properly processed. Please note that all claims related to the RSSOP will be dismissed if the class action Settlement Agreement receives all necessary approvals, and any individual proof of claim that relates to the RSSOP will not be paid even if it is not identified below.

**Contact information:**

Richard A. Finberg, Esq.                          Kenneth L. Jacobs, Esq.
Malakoff Doyle & Finberg, P.C.            Armstrong World Industries, Inc.
Suite 200, The Frick Building               P. O. Box 3001
Pittsburgh, PA 15219                             Lancaster, PA 17604
(412) 281-8400 (phone)                       *Attorney for Armstrong World*
(412) 281-3262 (fax)                            *Industries, Inc.*
*Class Counsel*
(Consent forms, or to correct                (To correct claim information only)
  Claim information)

_____

**YOUR PROOF OF CLAIM INFORMATION:**

Name _____          Individual Proof of Claim No.  _None____
                                                  [Fill in "None," if applicable]

## No action by you is necessary.

You have also filed a claim for Special Incentive Bonus (Claim No. 2892). This Proof of Claim is not related to the RSSOP, and will be separately processed.

# EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:  ARMSTRONG WORLD INDUSTRIES, INC., | : | Case No. 00-4471 (JJF) |
| | : | |
| Debtor. | : | Chapter 11 |
| | : | |

**CONSENT TO DISMISSAL OF INDIVIDUAL
PROOF OF CLAIM RELATING TO RSSOP**

I,  W. Michael Crouch    , am a Class Member in lawsuits known as Markley, et al. v. Retirement Committee of Armstrong World Industries, Inc., et al. (Civil Action No. 01-CV-4413 (E.D. Pa.)) and Shearer et al. v. Retirement Committee of Armstrong World Industries, Inc., et al. (Civil Action No. 02-CV-6029 (E.D. Pa.)) (the "Civil Actions").  I previously filed an individual proof of claim in the Armstrong World Industries, Inc. Bankruptcy case (Claim No. 3124) relating to losses in my RRSOP account.  I also understand that Class Counsel has filed a Second Amended Class Proof of Claim which also relates to the RSSOP (although that Class claim is for a different amount).  I further understand that under a proposed Stipulation and Agreement To Settle And Dismiss Plaintiff's Claims, filed in the Civil Actions, the Second Amended Class Proof of Claim will be paid to the extent provided in the Stipulation and Settlement, and from which I will benefit.  Therefore, I hereby consent to the dismissal of my individual proof of claim which is identified above.

Signed:  _____

Dated:  _____, 2003